JOHN C. BROOKS, COMMISSIONER OF LABOR OF NORTH CAROLINA v. DOVER ELEVATOR COMPANY

No. 8810SC734

(Filed 6 June 1989)

**Master and Servant § 23.1 — employer's violation of "general duty" clause — workers exposed to electrical hazard — burden of proof on Commissioner of Labor**

Because § 1910.303(g)(2) of the National Electric Code, a specific regulation, did not comprehensively cover all hazards which could be associated with the exposure of live parts of electrical equipment, the Commissioner was not precluded by that section from citing defendant for violation of N.C.G.S. § 95-129(1), the general duty clause, based on allegations that defendant exposed its workers to hazards resulting from the use of a "temporary run station" having live parts unguarded by approved enclosures and operating on less than 50 volts;

however, the Commissioner had the burden of proving that the employer failed to render its workplace free of a hazard, that the hazard was recognized and was causing or was likely to cause death or serious physical harm, and there were feasible means by which the employer could have eliminated or materially reduced the hazard.

APPEAL by Commissioner of Labor from *Stephens (Donald W.), Judge.* Order entered 11 April 1988 in Superior Court, WAKE County. Heard in the Court of Appeals 26 January 1989.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Melissa L. Trippe, for the State.*

*Smith Helms Mullis & Moore, by Jon Berkelhammer, for respondent-appellee.*

GREENE, Judge.

On 12 August 1985, the North Carolina Department of Labor Occupational Safety and Health Division (Commissioner) issued a citation to Dover Elevator Company (Dover). After the hearing examiner first dismissed the citation, the Review Board vacated that dismissal and remanded to the hearing examiner. On remand, the hearing examiner found a violation of N.C.G.S. Sec. 95-129(1) (1985) (general duty clause) and on appeal the Review Board reversed. The Commissioner appealed, pursuant to N.C.G.S. Sec. 95-141 (1985), to the superior court which affirmed the decision of the Review Board. The Commissioner then appealed, pursuant to N.C.G.S. Sec. 150A-52 (1978) (Chapter 150A recodified as Chapter 150B effective 1 January 1986), to this court.

The citation issued by the Commissioner reads as follows:

North Carolina General Statutes Section 95-129(1): Condition(s) of employment and a place of employment free from recognized hazard(s) likely to cause death, serious injury or serious physical harm were not furnished for each employee, in that:

the electrical switching device known as a temporary run station had been modified in that the back cover of the device was missing exposing the electrical contacts to physical damage where this device was being used in lieu of regular switches on state elevator #1762 located in Moses

BROOKS, COM'R. OF LABOR v. DOVER ELEVATOR CO.

[94 N.C. App. 139 (1989)]

Cone Hospital, Greensboro, N.C. and where malfunction of device could cause death or serious physical harm.

The undisputed facts reveal that on 12 June 1985 while Dover was in the process of remodeling elevators at Moses Cone Hospital in Greensboro, North Carolina, it used "temporary run stations" to move various elevators "up and down." A "temporary run station" is an electically controlled switch which operates on less than fifty (50) volts of electricity. One of the "temporary run stations" had been supplied by one of Dover's employees and was not of the type ordinarily used by Dover, in that it did not have a metal cover on the back of the switch. Instead, this particular "temporary run station" was wrapped with six hundred volt electrical tape. On 12 June 1985, one of Dover's employees was killed when his body was pinned between the top of one of the elevator cabs and the doorway header of the elevator shaft. Just prior to his death, the employee had been instructed to raise the elevator cab, which required the use of the "temporary run station" which had no metal cover. An investigation after the incident revealed that when this "temporary run station" was turned on, the elevator moved up without the necessity of engaging the "up" switch.

Dover's defense to the citation was that the "temporary run station" was in compliance with the National Electric Code and therefore the Commissioner was precluded from citing Dover with a violation of the general duty clause.

This appeal is governed by the Administrative Procedure Act and specifically Chapter 150A as the citation was filed prior to 1 January 1986. *See Brooks v. McWhirter Grading Co., Inc.*, 303 N.C. 573, 579, 281 S.E. 2d 24, 28 (1981) (review from final decisions in contested cases made under OSHANC shall be in accordance with Chapter 150A). Accordingly, this court "may reverse or modify" the Review Board only if

the substantial rights of the petitioners may have been prejudiced because the agency findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional provisions; or

(2) in excess of statutory authority or jurisdiction of the agency; or

(3) made upon unlawful procedures; or

(4) affected by other error of law; or

(5) unsupported by substantial evidence admissible under G.S. 150A-29(a) or G.S. 150A-30 in view of the entire record as submitted; or

(6) arbitrary or capricious.

N.C.G.S. Sec. 150A-51 (1978). The proper scope of review is further determined by the "nature of the contended error." *McWhirter Grading Co.*, 303 N.C. at 580, 281 S.E. 2d at 29. The Commissioner contends the decision of the Review Board is "affected by . . . error of law" and must be reversed.

---

The Commissioner's contention raises the issue of whether Dover's compliance with the National Electric Code, a specific standard, preempts the Commissioner's enforcement of the general duty clause.

The general duty clause provides:

Each employer shall furnish to each of his employees conditions of employment and a place of employment free from recognized hazards that are causing or are likely to cause death or serious injury or serious physical harm to his employees.

N.C.G.S. Sec. 95-129(1) (1985).

The National Electric Code provides in pertinent part:

. . . live parts of electric equipment operating at 50 volts or more shall be guarded against accidental contact by approved cabinets or other forms of approved enclosures . . .

29 C.F.R. Sec. 1910.303(g)(2) (1988).

Pursuant to N.C.G.S. Sec. 95-131, all federal occupational safety or health standards, rules or regulations, unless alternate State rules, regulations or standards are set as permitted in Section 131(a), promulgated under the Federal Occupational Health and Safety Act, "shall in all respects be the rules and regulations of the Commissioner of [North Carolina]." N.C.G.S. Sec. 95-131 (1985). Furthermore, federal court decisions interpreting these federal rules and regulations "have been followed by North Carolina courts when interpreting [the Occupational Safety and Health Act of North Carolina]." *Brooks v. Butler*, 70 N.C. App. 681, 684, 321 S.E. 2d

440, 442 (1984), *disc. rev. denied*, 313 N.C. 327, 329 S.E. 2d 385 (1985). Accordingly, the National Electric Code which has been made a part of the National Occupational Safety and Health Act, 29 C.F.R. 1926.400 (1988), is by virtue of N.C.G.S. Sec. 95-131(a), a North Carolina standard. Furthermore, Section 1910.5 of the federal regulations, treated as a state regulation by virtue of N.C.G.S. Sec. 95-131(a), provides in pertinent part:

> (c)(1) If a particular standard is specifically applicable to a condition, practice, means, method, operation, or process, it shall prevail over any different general standard which might otherwise be applicable to the same condition, practice, means, method, operation, or process. . . .

> (c)(2) On the other hand, any standard shall apply according to its terms to any employment and place of employment in any industry, even though particular standards are also prescribed for the industry . . . to the extent that none of such particular standards applies. . . .

> . . . .

> (f) An employer who is in compliance with any standard in this part shall be deemed to be in compliance with the requirements of [the general duty clause], but only to the extent of the condition, practice, means, method, operation, or process covered by the standard.

29 C.F.R. 1910.5 (1988).

The federal courts have consistently interpreted Section 1910.5 to mean that the mere presence of a specific safety regulation does not itself render inapplicable the general duty clause. *E.g.*, *L. R. Willson and Sons, Inc. v. O.S.H.R.C.*, 698 F. 2d 507, 511 (D.C. Cir. 1983). The plain language of 29 C.F.R. 1910.5 makes it clear that a specific standard preempts the general duty clause only if " 'a condition, practice, means, method, operation, or process' is already dealt with by a specific standard." *L. R. Willson and Sons, Inc. v. Donovan*, 685 F. 2d 664, 669 (D.C. Cir. 1982). In other words, does the specific standard guard against the particular hazard for which the employer is cited under the general duty clause.

The question presented in this case is whether Section 1910.303(g)(2) of the National Electric Code, a specific regulation, comprehensively covers all hazards that could be associated with

the exposure of live parts of electrical equipment. We conclude it does not. The regulation itself sets a specific standard *only* for the operation of electric equipment operating at fifty (50) volts or more. As to the operation of electric equipment of less than fifty (50) volts, the hazard presented in this case, the regulation is silent and therefore presents no standard.

The failure of the Commissioner to establish a specific safety regulation for hazards does not relieve the employer from its general obligation to provide employees "conditions of employment . . . free from recognized hazards that are causing or are likely to cause death or serious injury or serious physical harm." *See Willson,* 698 F. 2d at 512 (specific regulation relating to hazards of falls by employees from thirty feet or more did not preclude secretary's citation under general duty clause for hazards to employees working at less than thirty feet). Accordingly, the Commissioner was not precluded by Section 1910.303(g)(2) of the National Electric Code from citing Dover for violation of the general duty clause based on allegations that Dover exposed its workers to hazards resulting from the use of a "temporary run station" having live parts unguarded by approved enclosures and operating on less than fifty (50) volts.

In conclusion, the Review Board order dismissing the citation is reversed and the case is remanded to the Review Board with instructions to address the merits of the general duty clause violation. On remand, the Commissioner has the burden of proving: (1) the employer failed to render its workplace free of a hazard; (2) the hazard was recognized; (3) the hazard was causing or likely to cause death or serious physical harm; and (4) there were feasible means by which the employer could have eliminated or materially reduced the hazard. *See Brooks v. Rebarco, Inc.,* 91 N.C. App. 459, 464, 372 S.E. 2d 342, 345 (1988). Whether or not a hazard exists or is recognized must be determined by "the standard of a reasonable prudent person. Industry custom and practice are relevant and helpful but are not dispositive." *Id.*

Reversed and remanded.

Judges PHILLIPS and COZORT concur.